**SIGNED.**

Dated: September 30, 2008

_____
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| MARK A MANSHEIM and MARY LAURA MANSHEIM, | ) ) ) | No. 4:07-bk-02263-JMM |
| Debtors. | ) ) | **MEMORANDUM DECISION** |

On June 16, 2008, creditors Kyle Robbins and Wendy Robbins ("Robbins") filed a motion to hold the Debtors in civil contempt (Dkt. #55) for their failure to appear for a 2004 examination in their administrative case. The date of that examination was supposed to have been March 20, 2008. Apparently, the Debtors failed to appear.

Subsequently, on April 8, 2008, Robbins filed an adversary proceeding, seeking a non-dischargeable judgment against the Debtors. The Debtors defaulted, and a judgment for $101,098 was entered on June 16, 2008. That judgment is final, no appeal having been taken.

According to Rule 69, FED. R. CIV. P. (made applicable to bankruptcy proceedings by FED. R. BANKR. P. 7069), collection activity for federal judgments is governed by each state's unique creditors' rights laws.

The adversary file reflects no efforts to attempt collection on the judgment (Adversary No. 4:08-ap-00263-JMM), which brings us back to the discussion concerning the contempt motion.

The contempt motion is based on an administrative order relating to a 2004 examination which pre-dated the filing of the Robbins' adversary proceeding. By its own terms, the

2004 examination was intended to discover information which could lead to the processing of a non-dischargeability complaint (*see* Dkts. #35, #36), as well as the administration of the case.

Now that judgment has already been rendered, in favor of Robbins on the non-dischargeability complaint, the long past non-appearance at the 2004 examination has no significance. In other words, there has been no showing of prejudice, and the issues related to the 2004 examination have been rendered moot by entry of judgment in the adversary proceeding.

Additionally, the Debtors were granted a general discharge as to their other creditors on August 25, 2008 (Dkt. #53).

Accordingly, this court finds no legal reason to hold the Debtors in contempt for their failure to appear at a 2004 examination last March, noticed up by creditors who have since had their debt declared non-dischargeable. No purpose is to be served thereby. Additionally, the Trustee has not complained that the Debtors have been uncooperative, or have otherwise hampered her ability to promptly liquidate available assets.

Accordingly, an order will be entered which denies the request to hold the Debtors in contempt, and which will vacate the hearing currently set for October 2, 2008, as moot.

DATED AND SIGNED ABOVE.



| | | |
|---|---|---|
| 1 | COPIES served as indicated below: | |
| 2 | MarkA Mansheim<br>Mary Laura Mansheim | |
| 3 | 1907 East Camino Miraval<br>Tucson, AZ 85718 | U.S. Mail |
| 4 | | |
| 5 | Dan Gukeisen<br>Gukeisen Law Group<br>430 West 1st St #102 | |
| 6 | Tempe, AZ 85281<br>Attorney for Debtors | Email: arizonabankruptcyhelpers@yahoo.com |
| 7 | | |
| 8 | Scott D. Gibson and Kristen M. Green<br>Gibson, Nakamura, & Decker, PLLC | |
| 9 | 2941 N. Swan Rd., Suite 101<br>Tucson, AZ 85712-2343 | Email: kgreen@gnglaw.com<br>Email: sgibson@gnglaw.com |
| 10 | Beth E. Lang, Trustee<br>1955 W. Grant Rd., Suite 125 | |
| 11 | Tucson, AZ 85745 | Email bethelang@earthlink.net |
| 12 | Office of the U.S. Trustee<br>230 N. First Ave., Suite 204 | |
| 13 | Phoenix, AZ 85003 | U.S. Mail |
| 14 | | |
| 15 | By  /s/ M. B. Thompson<br>     Judicial Assistant | |

*SIGNED* (watermark)

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>MARK A MANSHEIM and MARY LAURA MANSHEIM,<br><br>                          Debtors. | Chapter 7<br><br>No. 4:07-bk-02263-JMM<br><br>**ORDER** |

       Creditors Kyle Robbins and Wendy Robbins filed a motion to hold the Debtors in civil contempt (Dkt. #55) for their failure to appear for a 2004 examination. Consistent with the court's Memorandum Decision,

       IT IS HEREBY ORDERED DENYING the motion to hold the Debtors in contempt, as moot, and

       IT IS FURTHER ORDERED VACATING the hearing currently set for October 2, 2008, as moot.

       DATED AND SIGNED ABOVE.

COPIES served as indicated below:

MarkA Mansheim
Mary Laura Mansheim
1907 East Camino Miraval
Tucson, AZ 85718                                   U.S. Mail

Dan Gukeisen
Gukeisen Law Group
430 West 1st St #102
Tempe, AZ 85281                                    Email: arizonabankruptcyhelpers@yahoo.com
Attorney for Debtors

Scott D. Gibson and Kristen M. Green
Gibson, Nakamura, & Decker, PLLC
2941 N. Swan Rd., Suite 101                        Email: kgreen@gnglaw.com
Tucson, AZ 85712-2343                              Email: sgibson@gnglaw.com

Beth E. Lang, Trustee
1955 W. Grant Rd., Suite 125
Tucson, AZ 85745                                   Email bethelang@earthlink.net

Office of the U.S. Trustee
230 N. First Ave., Suite 204
Phoenix, AZ 85003                                  U.S. Mail

By   /s/ M. B. Thompson
        Judicial Assistant